**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST MIDWEST BANK, as Guardian of | ) | |
| the estate and person of Michael D. LaPorta, | ) | |
| a disabled person, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14 CV 9665 |
| CITY OF CHICAGO, a municipal corporation, | ) | Honorable Judge Leinenweber |
| Defendant. | ) | |

**DEFENDANT OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Defendant City of Chicago ("City"), by its undersigned counsel, respectfully submits its Objections to Plaintiff's Bill of Costs, filed on December 4, 2017. For the reasons stated here, Plaintiff's Bill of Costs should be reduced as follows:

## I. INTRODUCTION

Plaintiff seeks $748,979.03 in total costs it claims to have incurred in connection with this litigation. Of this total amount sought, Plaintiff seeks $590,725.04[1]4 in expert witness fees that are simply not recoverable under the statute. *West Virginia University Hospitals v. Casey,* 499 U.S. 83 (1991). This request also includes costs for attorney's fees, cab fare to and from the local court house, food expenses, and other miscellaneous non-compensable costs as discussed in greater detail below. Further, Plaintiff's Bill of Cost back up documentation and itemization do not provide the City or this Court sufficient detail to allow a determination as to whether the costs are in fact recoverable and reasonable. Instead, Plaintiff places the burden on the City and the Court to sift through 595 pages of materials plus a 13 page spreadsheet to try to determine, without sufficient information, which costs are recoverable. In fact, the supporting documentation (provided in six separate subparts) was not produced in such a way to allow for a reasonable review

---

[1] This number is inclusive of what Plaintiff labels "attorney fees" as well as the two "reductions" or "refunds" noted in Ex. B.

and comparison to the spreadsheet which itemizes Plaintiff's Bill of Costs. (*See,* Ex. B). Rather, the documentation in Ex. A is haphazardly put together, and includes credit card statements, invoices and random receipts for food and travel without any information outlining the specifics as to why it is compensable or how it corresponds to the totals outlined in Ex. B. Accordingly, any award of costs in this case should be reduced to include only those costs allowable under the law and sufficiently supported by the documentation provided by Plaintiff.

## II. LEGAL STANDARD

The costs that may be recovered pursuant to Fed. R. Civ. P. 54(d)(1) are set out in 28 U.S.C. §1920. "They do not include every out-of-pocket expense that might be incurred by a party in the course of litigation." *Telular Corp. v. Mentor Graphics Corp.,* 2006 WL 1722375, *1 (N.D. Ill. 2006). The costs that may be taxed under that rule are limited to those enumerated in 28 U.S.C. §1920 and include (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters. *Life Plans, Inc. v. Security Life of Denver Insurance Company,* 2014 WL 2879881 at *2 (Judge Geraldine Brown, N.D. Ill., June 25 2014).

"Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Id., citing Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). "The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used." *Telular Corp.,* 2006 WL 1722375, *1. A court must review a proposed petition for

costs in "scrupulous detail." *Young v. City of Chicago,* No. 00 C 4478, 2002 WL 31118328 at *1 (N.D. Ill. Sept. 24, 2002)(Leinenweber, J). Indeed, even when the losing party does not lodge any objections, the prevailing party is not automatically awarded costs, rather, a court may only impose costs upon the losing party if the expenses claimed are reasonable, both in amount an necessity to the litigation. *Shah v. Village of Hoffman Estates,* 2003 WL 21961362, *1 (N.D. Ill. 2003)(Leinenweber, J). "When the costs cannot be obtained reasonably by reference to supporting documentation, the costs as requested should not be awarded." *Harkins v. Riverboat Services, Inc.,* 286 F. Supp. 2d 976, 980 (N.D. Ill. 2003).

## III. ARGUMENT

Plaintiff's Bill of Costs is deficient in two ways. First, while generally speaking Plaintiff includes certain categories of costs that are recoverable under the statute, Plaintiff's failure to provide sufficient documentation makes it impossible for the City or the Court to ascertain whether the cost sought is recoverable and reasonable. Thus, of the $748,979.03 sought, only $17,783.79 is adequately documented to determine that it is both recoverable and reasonable. The remaining costs, including the costs for exemplification and copying, transcription of deposition transcripts, and statutory witness fees as prescribed under 28 U.S.C. §1821 lack sufficient documentation to determine the reasonableness of the charges.

Second, the Bill of Costs seeks to recover costs that are not compensable under the statute. In fact, as will be discussed in greater detail below, the Bill of Costs seeks $578,005.04 for expert fees and $12,720.00 for attorney fees, (s*ee,* Ex. B at lines 231-233; 240-305, and 347-359), which are never compensable under the statute. *West Virginia University Hospitals,* 499 U.S. 86-87. Additionally, Plaintiff seeks costs for items such as a "catered breakfast" (Ex. B at Line 328), "supplies" (Ex. B at Line 377), a general "reimbursement" to an employee (Ex. B at 391), an

advertisement (Ex. B at Line 12), payouts to "cash" (Ex. B at Lines 357-358) and $370.83 in "Uber/Taxi for Trial" for an associate, Martin Gould. (Ex. B, Line 389). Even more disturbing, when reviewing the "backup documentation" provided, Plaintiff seeks to be compensated for trips to the golf course, and random "client lunches." (*See,* Pages from Ex. A, Part 4, pp. 84-85).

In order to fully address these issues, the City has reviewed all of Plaintiff's back up documentation and addressed each category contained within Plaintiff's Ex. B. For ease of reference, the City has attached a color coded copy of Plaintiff's Ex. B, which highlights the offending categories addressed in the City's objections. (*See,* Ex. 1).

### A. "Fees for Witnesses"

#### i. Costs Associated With Retained Experts

Plaintiff seeks $590,725.04 in reimbursement for the fees paid to retain its experts. The requests for fees paid to expert witnesses hired by Plaintiff are not recoverable. *W. Virginia Univ. Hosp.,* 86-87 (1991) (stating that there must be explicit statutory authority for the recovery of expert witness fees before they can be awarded under Section 1988). The Civil Rights Act of 1991 provides explicit authority for the recovery of expert witnesses' fees in section 1981, section 1981a and Title VII cases, but not section 1983 cases. *Newsome v. McCabe,* 2002 WL 1008472 (N.D. Ill. 2002). Rather, experts in § 1983 cases are limited to fees provided by 28 U.S.C. § 1920 and 28 U.S.C. §1821. *Fields v. City of Chicago,* No. 10 C 1168 (N.D. Ill. Jan. 1, 2018)(Kennelly, J) (Reducing experts costs that exceed the ordinary $40-per-day witness fee under 28 U.S.C. §1821(b) to that amount).

To the extent Plaintiff includes costs for a "focus group" or "mock jury" within this subcategory, such costs are also not allowable under Section 1920. *See, Duran v. Town of Cicero,* 2012 WL 1279903, at *31 (N.D. Ill. 2012)(One of the clearest examples of items that are not

allowable costs ... Jury consultants). Accordingly, $35,338.27 in costs incurred for a "focus group" and "mock jury" are not recoverable. Finally, Plaintiff's inclusion of $12,720.00 for "attorney fees" associated with Gregory E. Kulis is wholly improper, as Mr. Kulis was retained as a potential expert, not to act as counsel in this case. Regardless, such costs are not recoverable under either Section 1988 or 1920.

Accordingly, Plaintiff's expert expenses, which include the subcategories discussed above (retained experts, focus group and Kulis attorney fees) totaling $597,565.04 are not recoverable. (*See,* D.'s Ex. 1, yellow entries).

### ii. Travel and Lodging Expenses for Witnesses and Counsel

Plaintiff includes a subcategory named "Fees for Witnesses" which contains a multitude of costs, including "airfare," "attorney fees," "car rental," "case costs[2]," "expert fees,[3]" "hotel," "investigation," "lodging," "meals," "transportation," "travel," "uber," and "videoconference[4]." The backup documentation provided in Ex. A includes random food receipts without any explanation or documentation to assess their connection to the case, credit card statements that suffer from the same deficiency, and emails, none of which provide adequate support for the costs Plaintiff seeks. Collectively, 28 U.S.C. §§1821 and 1920(3) authorize the award of costs to reimburse *witnesses* for their *reasonable* travel and lodging expenses, accordingly, courts in this District have routinely awarded costs for expert witnesses' travel expenses. *See e.g., Majeske,* 218 F.3d at 825-26. However, the travel costs of attorneys are not recoverable. *See, Movitz v. First Nat. Bank of Chicago,* 982 F. Supp. 571, 577 (N.D. Ill. 1997), *citing* 28 U.S.C. § 1920; *Harkins,*

---

[2] The City addresses Plaintiff's request for "case costs" in § E (ii). .
[3] The expert fees included in Plaintiff's Bill of Costs are addressed in § A.
[4] The cost of the video conference is addressed in § E (i).

286 F. Supp. 2d at 983("Attorney travel expenses to attend a deposition are not recoverable costs because such expenses are not listed as a recoverable cost in §1920.").

Plaintiff fails to provide any explanation or documentation that establishes a link between the costs sought in this section with any particular expert witness in order to justify them as taxable, or if taxable, that they were reasonable or necessary. Moreover, the backup documentation Plaintiff has provided (Ex. A) makes it impossible for the City to ascertain the link between the costs sought and *any particular witness* who incurred the cost. Further, to the extent that this section includes attorney travel costs (which, again, based upon the documentation provided in Ex. A, it is impossible to attribute any particular cost to any particular witness) those costs are not recoverable. Accordingly, all travel, meal and witness expenses, totaling $21,422.21 should be excluded because Plaintiff has failed to provide the necessary documentation to justify the expenses were specifically to reimburse a witness for their travel and lodging. (*See,* D.'s Ex. 1, pink entries).

### B. "Recorded Transcripts"

Plaintiff's Bill of Costs includes $79,830.74 in "Recorded Transcripts." (*See,* Plaintiff's Ex. B). "Local Rule 54.1(b) mandates that 'the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed[].'" *Telular Corp.,* 2006 WL 1722375, *2. Different rates apply depending on the type of transcript.

Plaintiff's spreadsheet includes 145 entries for the cost of the "[t]ranscription" of various things, including depositions, daily court hearings, daily trial transcripts and audio files. (*See,* Ex. B lines 11-156). The comingling of the different types of transcripts is a clear indicator of

6

Plaintiff's lack of understanding of Fed. R. Civ. P. 54(d)(1) or appreciation for what costs are in fact recoverable by law.

### i. Deposition Transcripts

Plaintiff claims a total of $66,081.59 for deposition transcript costs. (*See,* Ex. 1, blue entries). To be entitled to the costs for depositions, Plaintiff must provide documentation sufficient to establish that the claimed amount does not exceed the regular copy rate as established by the Judicial Conference. L.R. 54.1(b); *Fait v. Hummel,* 2002 WL 31433424, *2 (N.D. Ill. Oct. 30, 2002)[5]. The Court rules entitle Plaintiff to one original and one copy of each transcript and the court reporter's appearance fee. *See,* L.R. 54.1(b).

The documentation submitted by Plaintiff does not allow the City, or this Court, to determine what portion, if any, of the charges identified are allowable. Plaintiff's Ex. B simply includes an "amount" due, while a significant number of the invoices include the cost of word indices in the page totals. The cost of a word index is not compensable. *See, Porter v. City of Chicago,* 2014 WL 3805681 at *2 (N.D. Ill. Aug. 1, 2014) (Court's generally do not award costs of indexes unless the prevailing party can show that they were reasonably necessary for the litigation). In fact, only 27 invoices provided by Plaintiff include a separate line item for the cost of the word index, allowing for the City to determine what costs are in fact recoverable under the statute. Those invoices are attached hereto as Ex. 3 and total $8,985.35 which are recoverable.

Further, there are several line items and invoices that include the costs of video recording of depositions. A prevailing party cannot recover for both stenographic transcription and video-recording of the same depositions unless such video-recording was "necessary and reasonable" in

---

[5] United States District Court for the Northern District of Illinois sets the Ordinary Transcript (30 Day Turnaround) rate at $3.65/page for transcript copy rates requested on or after January 27, 2012. *See,* General Order 12-0003 attached hereto as Ex. 2.

the context of the case. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.,* 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010) (holding that both stenographic transcription and video-recording was only reasonably necessary for depositions of witnesses who lived abroad and were disclosed as potential witnesses for trial). Plaintiff has made no such showing. In fact, the only witness who resided abroad to potentially justify the use of video recording was Ilana Rosenzweig, and her deposition was not video recorded.

In addition, the invoices include the cost of additional services, beyond the regular transcription service, which are not recoverable when incurred solely for the convenience of counsel. Generally, "condensed transcripts, electronic copies, etc. are considered to be obtained for the convenience of counsel." *The Medicines Company v. Mylan, Inc.,* 2017 WL 4882379, *4 (N.D. Ill. 2017), *citing Engate, Inc. v. Esquire Deposition SVCS, LLC,* 2006 WL 695650, *4 (N.D. Ill. 2006). Moreover, delivery costs of transcripts are considered an ordinary business expense, and are therefore not allowed. *See, e.g. Correa v. Illinois Dept. of Corrections,* 2008 WL 299078 at *2 (N.D. Ill. 2008).

Finally, the invoices attached by Plaintiff seek the cost for deposition exhibits. Courts have declined this cost when the party fails to establish why copies of exhibits were necessary or fails to prove that it did not already have a copy of the exhibit. *See, Lewis v. City of Chicago,* 2012 WL 6720411 *1 (N.D. Ill 2012); *Fait,* 2002 WL 31433424 at *2. Plaintiff provides no support for including the cost of deposition exhibits in the Bill of Costs. Further, a review of the depositions in this case show that Plaintiff's counsel maintained the original copies of the exhibits after almost every deposition, as noted on the transcript. (*See,* Ex. 4). Accordingly, any "cost" incurred by Plaintiff for deposition exhibits he retained is not recoverable.

8

A review of each invoice submitted to support the costs itemized under the category of deposition transcript reveals that of the almost 100 deposition invoices submitted, only 27 provided sufficient information to make such a determination regarding whether the cost is compensable and reasonable, (*See*, Ex. 3). Based upon those 27 invoices the City agrees that $8,985.35 of the $66,081.59 in deposition costs sought are recoverable. Accordingly, this Court should reduce the total costs in this category by $57,096.24.

### ii. Hearing Transcripts

Plaintiff seeks costs for seven transcripts related to motion hearings or other court proceedings. (*See,* Ex. 1, green entries). Specifically, Plaintiff seeks costs for motions hearings held on November 5, 2014, September 10. 2015, September 17, 2015, July 12, 2016, August 17, 2016, June 22, 2017, July 27, 2017 and an undated/unknown hearing. Courts in this District award costs for transcripts of such proceedings only when the prevailing party articulates some specific necessity – for example, where the written record of the status call or motion hearing was the basis for, or relevant to, some subsequent motion or filing, or to supply out-of-state counsel with a record. *Hillmann v. City of Chicago,* 2017 WL 3521098, at *7 (N.D. Ill. 2017)(Castillo, J); *citing Piotrowski v. Menard, Inc.,* No. 13 C 5572, 2016 WL 7157353, at *3 (N.D. Ill. Dec. 8, 2016)(denying transcript costs where defendant "d[id] not explain or attempt to meet its burden to explain why transcribing this routine motions hearing was reasonably necessary").

Plaintiff makes no effort to meet its burden and explain why these transcripts were reasonable and necessary for use in this litigation. In fact, Plaintiff does not indicate what use, if any, it had for these transcripts. A review of the issues raised at each of the proceedings indicates that they largely dealt with discovery related issues (including motions to compel certain discovery), as well as the setting the briefing schedule for dispositive motions. Given their content,

Plaintiff cannot establish that they were in fact reasonable or necessary for use in this litigation, and as such, $232.05 should be excluded.

### C. Exemplification & Copying Costs

Plaintiff's Ex. B identifies $78,139.35 for "exemplification & copying costs."  Pursuant to 28 U.S.C. § 1920(4), Plaintiff is entitled to reimbursement for copies obtained for use in this case.  The Courts in this District have interpreted this to mean copies made for filing in court, copies made for serving on opponents and copies of discovery documents, but not copies made solely for the attorneys' convenience.  *Rice v. Sunrise Express, Inc.,* 237 F. Supp. 2d 962, 980 (N.D. Ind. 2002).  Plaintiff identifies copying charges in the amount of $3,771.85 without any explanation of the purpose for the copies.  To support this cost, Plaintiff provides a one-page document that states, simply

```
(1) B/W 70,961 x $0.05 = $3,548.05
(2) Color 1,492 x $0.15 = $223.80
-------------------------------------------
$3,771.85
```

Based upon this documentation, there is absolutely no way for the City or this Court to determine what was copied, how many copies were made, or whether the copies were necessarily obtained for use in this case.  Accordingly, Plaintiff's request for $3,771.85 should be excluded.

As with photocopies, costs for exemplification cannot be awarded unless the Court determines that the particular exemplifications were "necessarily obtained for use in the case." *Trading Technologies Intern., Inc.,*  750 F. Supp. 2d at 980.  In addition to making this determination, the Court must consider whether the item qualifies as an exemplification. *Id.*  While the Seventh Circuit decisions have expanded the definition of what qualifies as an exemplification to include a "wide variety of exhibits and demonstrative aids," the cases draw a line "between the cost of conducting the research and analysis eventually reflected in the exhibit, and the cost of

actually preparing the exhibit itself." *Id., citing Cefalu v. Village of Elk Grove,* 211 F.3d 416, 428 (7th Cir. 2000). In determining whether an exemplification expense was reasonably necessary, the court may consider whether the exemplification was "vital to the presentation" or "merely a convenience or, worse, an extravagance." *Id.* When a prevailing party does not identify the exhibits for which it claims costs, the "court should deny awarding costs for the exhibits because it is impossible to determine whether the costs were necessary for use in the case." *Id., citing Vigortone Ag Products, Inc. v. PM Ag Products, Inc.,* 2004 WL 1899882, at *8 (N.D. Ill. Aug. 12, 2004).

Plaintiff fails to provide any information to the City or the Court to establish that Plaintiff's exemplifications were "necessarily obtained for use in the case," that they aided the jury or that they were for anything more than the extravagance of Plaintiff's counsel. In fact, Plaintiff's Ex. B, rather than identifying the exhibits for which the costs are claimed, uses general descriptions such as "3-D Graphics," "Advertisement[6]," "Expert Fees[7]," "Trial Boards," and "Video."

Moreover, throughout Plaintiff's backup documentation, (including both the spreadsheet and invoices) descriptions of the work completed, and the company (or personnel) names who completed the work are redacted, leaving the City and the Court with absolutely no explanation as to what services were provided. In fact, entire pages of P.'s Ex. A are redacted, leaving only the cost of the unknown services visible. (*See,* Ex. 5). Accordingly, Plaintiff's request for $32.021.95 should be excluded. (*See,* Ex. 1, purple entries).

### D. Fees for Service of Process

---

[6] Surprisingly, within this subcategory, Plaintiff attempts to recover the cost it paid for the "advertisement" it placed on Craig's List in order to conduct a jury focus group. Such costs are not recoverable as described in § A(i).
[7] To the extent that these "exemplification and copying costs" are in fact expert fees, they are also not recoverable, as described in § C.

Plaintiff's Bill of Costs includes a subcategory for "Service of Summons/Subpoena" which seeks $3,125.96. The description of the costs in this subcategory includes Plaintiff's use of a process server, "subpoena" and "subpoena records."

Recovery of summons and subpoena service fees is authorized under Section 1920(a), however, regardless of who effected those services or what their actual cost, such fees cannot exceed $55.00 per hour or a portion thereof, which is the fee charged by the United States Marshals Service for service of process. *See Highway Commercial Services, Inc. v. Midwest Trailer Repair, Inc.,* 2011 WL 3159128, *3 (N.D. Ill. 2011). The cost of Plaintiff's process server totals $543.85 for two entries. However, Plaintiff attaches no corresponding invoices to its Bill of Costs or otherwise that indicate what or who was served, how long service took, or the amount charged per hour of service. Accordingly, the City, nor the Court, can determine if the fees are reasonable, and such costs should be denied in their entirety.

Plaintiff seeks the cost for all "subpoena[s]" issued during the litigation. A witness shall be paid an attendance fee of $40.00 per day for each day's attendance at court or a deposition, plus reasonable travel. *See,* 28 U.S.C. 1821(b). Plaintiff fails to provide any documentation to support the witness fees in excess of $40.00 for the following witnesses: Bill Biros, Patrick Kelly and CVS Pharmacy (based upon the documentation provided, it is unclear whether or not this subpoena was for records or for a deposition).

Finally, Plaintiff fails to provide any documentation to support that certain witness fees listed on Ex. B were in fact paid, why there are multiple entries for the same witness or whether or not those checks were actually cashed. Rather, Plaintiff only provides a Romanucci & Blandin Bill Approval/Check Request form in support of these costs. Specifically, Bob Johnson, Brandon Malinwoski, Jennifer Wilson Russell, Jody Weis, Michael Malone, Mayor Rahm Emanuel, Mayor

Richard M. Daley, and Scott Koppenhoefer, never gave depositions in this case, accordingly, whether or not these checks were cashed, the costs should not be imposed upon the City as they certainly were not reasonable. Further, while Cindy Lee and Juan Rivera did give depositions, Plaintiff provides no justification for two separate witness fee checks for those depositions. Accordingly, Plaintiff's costs should be reduced by $1,083.85. (*See,* Ex. 1, red entries).

### E. Other Non-Compensable Items

#### i. Teleconference Fees

Plaintiff seeks costs for $2,306.25 for the "videoconferencing" fee that it incurred when deposing Ilana Rosenzweig via videoconference. While this cost may have been necessary inasmuch as Ms. Rosenzweig resides in Singapore, courts in this District have declined to award costs for any kind of telephone charges on the basis that they are ordinary business expenses. *Hillman,* 2017 WL 3521098, at *5. Courts have also declined to award ancillary costs associated with conducing a deposition by videoconference. *Id., citing Olivarius v. Tharaldson Prop. Mgmt. Inc.,* 2012 WL 1117468, at *4 (N.D Ill. Apr. 3. 2012). The invoice provided by Plaintiff clearly indicates that the costs associated with the videoconference were in fact "room rental" costs. Such fees are more "akin to administrative fees incurred in the cost of doing business" and are therefore not recoverable under 28 U.S.C. § 1920. *Id.* Accordingly, Plaintiff's costs should be reduced by $4,612.50.[8]. (*See,* Ex. 1, orange entries, Lines 134 and 343).

#### ii. "Case Costs" from Salvato & O'Toole

Plaintiff seeks costs in the amount of $4,391.14 for "case costs" from Salvato & O'Toole. Plaintiff provides a two-page document entitled "Transactions by Account" and a one page

---

[8] This line item charge appears twice on Plaintiff's Ex. B, leading the City to assume that Plaintiff is attempt to recover the costs for this videoconference twice. (*See,* Ex. B at Line 134 and 343). The inclusion of these duplicative entries is another indication of Plaintiff's blatant disregard of the rules and attempt to simply force the City to pay for all its costs associated with this litigation whether they are recoverable under the statute or not.

document titled "Item Actual Cost Detail" as documentation for these costs. A review of the "memo" field shows vague descriptions such as "cab fare from dep," "travel exp," "fee for copies," and most egregious, "Meadows Golf…". Putting aside whether or not any of the costs on this document are authorized by statute, had the costs been sufficiently described and supported with documentation, Plaintiff provides absolutely no explanation for any of these costs, their reasonableness or how they were necessary to the litigation. Accordingly the City cannot possibly determine whether or not they are appropriate. Accordingly, Plaintiff's costs should be reduced by $4,391.14. (*See,* Ex. 1, orange entries, Line 239).

### iii. "Daley Center Copies," "Supplies, " and "Investigation

Plaintiff seeks $12.76 for "Daley Center Copies." While this line item is included in the subcategory of "Service of Summons/Subpoena," it is without any additional explanation or information as to what was copied, how many pages were copied or what the cost per page was. Accordingly, Plaintiff's costs should be reduced by $12.76. (*See,* Ex. 1, orange entries, Line 161).

Plaintiff seeks reimbursement in the amount of $17.78 for unknown "supplies." Such fees are more "akin to administrative fees incurred in the cost of doing business" and are therefore not recoverable under 28 U.S.C. § 1920. (*See,* Ex. 1, orange entries, Line 377).

Plaintiff's counsel seeks costs of $9,252.00 for some unexplained, and undocumented "Investigation." Given Plaintiff's redaction of the "source" of some of these investigative services, and its failure to provide any documentation that would allow the City or this Court to determine whether or not the "investigation" was reasonable and necessary for the litigation, all such costs should be denied. (*See,* Ex. 1, orange entries, Lines 312-314, 359).

### iv. Other Costs/Meals and Travel

Even more troubling is that Plaintiff includes a subcategory entitled "other costs," which includes not only includes counsel's food while on trial (Dunkin Donut receipts, Jimmy John receipts, among others), but other unexplained meals. Plaintiff also includes unexplained Uber receipts, cab receipts and parking receipts.

The City is not required pursuant to the statute to pay for counsel's food and meals while on trial or any other time during the pendency of this case. *See, Fields,* No. 10 C 01168, (N.D. Ill. Jan. 1, 2018)(Kennelly, J)(Denying meals from expenses, noting that "[p]resumably those involved would have had to eat, even if they had not been involved in this case). Moreover, the inclusion of traveling expenses, such as Uber and taxi rides, as well as parking, to attend court and trial are not recoverable as costs. *Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 217 (N.D. Ill. 1975), *citing Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1170 (7th Cir. 1968). Accordingly, these expenses are not compensable and Plaintiff's Bill of Costs should be reduced by $3,419.32. (*See,* D.'s Ex. 1, orange entries, Lines 360-389, 391).

## IV. CONCLUSION

WHEREFORE, Defendant, City of Chicago, respectfully requests this Honorable Court reduce Plaintiff's requested Bill of Costs as follows:

| Category | Total Reduction Requested |
|---|---|
| Deposition Transcripts | $57,096.24 |
| Other Transcripts | $232.05 |
| Exemplification & Copying | $32,021.95 |
| Fees for Witnesses | $21,422.21 |
| Retained Experts | $590,725.04 |
| Service of Process | $1,083.85 |
| Other | $21,773.90 |
| **TOTAL** | **$724,355.24** |

and for any other relief as this Court deems just and reasonable.

Dated: February 16, 2018

Respectfully submitted,

THE CITY OF CHICAGO

By: _____ /s/ _ *Eileen E. Rosen* _____
One of their attorneys

Eileen E. Rosen
Stacy A. Benjamin
James B. Novy
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
312.494.1000
312.494.1001- fax
erosen@rfclaw.com