**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRST MIDWEST BANK, as Guardian of the estate of Michael D. LaPorta, a disabled person,<br>    Plaintiff,<br>v.<br><br>CITY OF CHICAGO, a municipal corporation;<br><br>    Defendant. | No. 14 CV 9665<br>Honorable Judge Leinenweber<br><br>*Removed from the Circuit Court of Cook County, Case No.* **10 L 11901** |

**JOINT FEE STATEMENT**

Pursuant to Local Rule 54.3, the parties, by their respective counsel, submit the following Joint Statement with respect to the motion for fees and expenses to be filed by Movant Plaintiff against Defendant City of Chicago:

1. Movant claims fees of $4,177,805.00 and costs of $748,979.03, for work performed by Romanucci & Blandin, LLC, calculated as follows:[1]

| **Lawyer** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Antonio Romanucci | 2021.55 | $750 | $1,516,162.50 |
| Stephan Blandin | 288.3 | $750 | $216,225.00 |
| Gina DeBoni | 7.4 | $500 | $3,700.00 |
| Debra Thomas | 2788.25 | $500 | $1,394,125.00 |
| Michael Holden | 7.05 | $425 | $2,996.25 |
| Bruno Marasso | 278 | $400 | $111,200.00 |
| Bhavani Raveendran | 28.55 | $350 | $9,992.50 |
| Martin Gould | 1410.7 | $350 | $493,745.00 |
| Nicolette Ward | 661.45 | $350 | $231,507.50 |
| Rebekah Williams | 57.4 | $350 | $20,090.00 |
| Kelly Armstrong | 16.7 | $350 | $5,845.00 |
| Bryce Hensley (lawyer/law clerk) | 699.05 | $125 | $87,381.25 |

---

[1] The claimed fees and costs in this statement reflect hours billed and receipts received as of February 12, 2018. Hours billed and expenses incurred on work since that time, including work on matters pertaining to the fee petition and bill of costs and any responses to Defendants' post-trial motions and appeals will be reflected in a future fee petition.

| **Law Clerk** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Mike Grieco | 1.2 | $125 | $150.00 |

| **Paralegal** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Keocco Larry | 46.6 | $125 | $5,825.00 |
| Karla Longnion | 455.5 | $125 | $56,937.50 |
| Matt Dominguez | 113.18 | $125 | $14,147.50 |
| Mirena Fontana | 8 | $125 | $1000.00 |
| Jim Mudgett | 8 | $125 | $1000.00 |
| Yeni Santillanes | 3.3 | $125 | $412.50 |

| **Admin Staff** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Julie Donlon | .3 | $125 | $37.5 |
| Vince Oppendisano | .2 | $125 | $25 |
| Kristen Zaharaski | 32.4 | $125 | $4,050 |
| John Walz | .1 | $125 | $12.50 |
| Kathleen Johnson | .2 | $125 | $25 |
| Mary Ellen Finnegan | .4 | $125 | $50 |
| Lori Pallelo | 9.3 | $125 | $1,162.50 |

2. Movant claims fees of $289,435.00 for work performed by the <u>Law Office of Salvato & O'Toole</u>, calculated as follows:

| **Lawyer** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Carl Salvato | 466.6 | $600 | $279,960.00 |
| Paul O'Toole | 3 | $600 | $1,800.00 |
| Jason E. Hammond | 3 | $400 | $1,200.00 |
| Matt Popp | 18.5 | $350 | $6,475.00 |

3. Movant claims fees of $53,327.50 for work performed by the <u>Shiller Law Office</u>, calculated as follows:

| **Lawyer** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Brendan Shiller | 51.9 | $500 | $29,950.00 |
| Susan Ritatta | 20.6 | $350 | $7,210.00 |
| Lillian McCartin | 10.9 | $400 | $4,360.00 |
| Tia Haywood | 30.7 | $350 | $10,745.00 |

| **Paralegal** | **Hours** | **Rate** | **Totals** |
|---|---|---|---|
| Ben Carbery | 33.3 | $125 | $4,162.00 |
| Adi Lerner | 7.2 | $125 | $900.0 |

2

4. The position of Defendants is that fees of $1,533,531.00 and costs of $24,623.79 should be awarded for work performed by Romanucci & Blandin, calculated as follows:

| Lawyer | Proposed Hours | Proposed Rate | Proposed Total |
|---|---|---|---|
| Antonio Romanucci | 1352.9 | $500 | $676,450.00 |
| Stephan Blandin | 60 | $400 | $24,000.00 |
| Gina DeBoni | 6.7 | $200 | $1,340.00 |
| Debra Thomas | 1659.13 | $200 | $331,826.00 |
| Michael Holden | 5.6 | $300 | $1680.00 |
| Bruno Marasso | 211.65 | $250 | $52,912.50 |
| Bhavani Raveendran | 27.85 | $200 | $5,570.00 |
| Martin Gould | 1017.6 | $225 | $228,960.00 |
| Nicolette Ward | 554.65 | $200 | $110,930.00 |
| Rebekah Williams | 0 | $200 | $0 |
| Kelly Armstrong | 0 | $200 | $0 |
| Bryce Hensley (lawyer/law clerk) | 653.55 | $125 | $81,693.75 |

| Law Clerk | Proposed Hours | Proposed Rate | Proposed Total |
|---|---|---|---|
| Mike Grieco | 0 | $125 | $0 |

| Paralegal | Proposed Hours | Proposed Rate | Proposed Total |
|---|---|---|---|
| Keocco Larry | 43.05 | $125 | $5,381.25 |
| Karla Longnion | 9.65 | $125 | $1,206.25 |
| Matt Dominguez | 84.65 | $125 | $10,581.25 |
| Mirena Fontana | 8 | $125 | $1,000.00 |
| Jim Mudgett | 0 | $125 | $0 |
| Yeni Santillanes | 0 | $125 | $0 |

| Admin Staff | Proposed Hours | Proposed Rate | Proposed Total |
|---|---|---|---|
| Julie Donlon | 0 | - | - |
| Vince Oppendisano | 0 | $125 | $0 |
| Kristen Zaharaski | 0 | $125 | $0 |
| John Walz | 0 | $125 | $0 |
| Kathleen Johnson | 0 | - | - |
| Mary Ellen Finnegan | 0 | - | - |
| Lori Pallelo | 0 | - | - |

5. The position of Defendants is that fees of $3,480.00 should be awarded on the following basis for work performed by Law Office of Salvato & O'Toole:

| Lawyer | Proposed Hours | Proposed Rate | Proposed Total |
|---|---|---|---|
| Carl Salvato | 11.6 | $300 | $3,480.00 |
| Paul O'Toole | 0 | $- | $- |
| Jason E. Hammond | 0 | $- | $- |
| Matt Popp | 0 | $- | $- |

6. The position of Defendants is that fees of $0 should be awarded on the following basis for work performed by the Shiller Law Office:

| Lawyer | Proposed Hours | Proposed Rate | Proposed Total |
|---|---|---|---|
| Brendan Shiller | 0 | $125 | $0 |
| Susan Ritatta | 0 | $125 | $0 |
| Lillian McCartin | 0 | $125 | $0 |
| Tia Haywood | 0 | $125 | $0 |
| Ben Carbery | 0 | $125 | $0 |
| Adi Lerner | 0 | $125 | $0 |

7. The specific disputes remaining between the parties are the following:

(a) The appropriate hourly rates for each attorney as indicated above and referenced in the January 5, 2018, February 26, 2018 and March 2, 2018 correspondences (referred to generally as "the City's correspondence") from the Defendant outlining its objections. (In addition to disputes as to rates not being justified by experience or nature of work);

(b) Plaintiff's position on this dispute:

Whether the number of hours billed by Plaintiff's attorneys from Romanucci & Blandin, the Law Office of Salvato & O'Toole, and/or the Shiller Law Office is reasonable for the specific tasks identified by Defendant in movant's billing records;

Defendant's position on this dispute:

Plaintiff's position on this point over-generalizes the City's objections which were set forth with specificity in the City's correspondence. To be clear, the City has made no objection that any particularly task was unreasonable because Plaintiff's counsel spent too much time on the particular task. Instead, the unreasonableness objections focus on vague, inadequately

4

documented, duplicative, redundant or excessive (in the sense that the billing is duplicative and redundant) billing or clerical or administrative.

(c) Whether the hours billed and the work performed by non-attorneys at the Movants' firms is compensable.

(d) Whether the Shiller Law Office should be awarded fees for its trial preparation work performed in the case, and if so, what the rates should be based on the work performed, per the objections raised in the Defendant's January 5, 2018 correspondence.

(e) Whether Defendant is entitled to a reduction in hours billed based on its objection and position that much of the work attorneys billed on this case appears to be nonlegal work as identified by Defendant in its objections to Plaintiff's time and work records;

(f) Whether Defendant is entitled to a reduction in hours billed based on its objection and position that much of the work Plaintiff's attorneys billed on this case appears to be vague and inadequately documented as identified by Defendant in its objections to Plaintiff's time and work records;

(g) Whether Defendant is entitled to a reduction in hours billed based on its objection and position that much of the works attorneys performed on this case appears to be duplicative / redundant / excessive billing (in the sense that the billing is duplicative and redundant) as identified by Defendant in its objections to Plaintiff's time and work records;

(h) Whether Defendant is entitled to a reduction in hours billed before the case was removed to Federal Court, as identified by Defendant's in its objections to Plaintiff's time and work records.

(i) Whether Defendant is entitled to a reduction of hours billed by the Movants (in addition to other specific billing entries Defendant has identified in its objections to Plaintiff's

5

time and work records), despite that it did not identify all particular line-item billing entries for one biller, Debra Thomas, for the reasons set forth in the City's correspondence, during the Local Rule 54.3 process;

(j) Whether Plaintiff is entitled to recover fees associated with what Defendant deems "block billed" time entries, as identified by Defendant in its objections to Plaintiff's time and work records;

(k) Whether Plaintiff is entitled to recover fees associated with what Defendant deems vague billing, as identified by Defendant in its objections to Plaintiff's time and work records;

(l) Whether Plaintiff is entitled to recover fees incurred for what Defendant argues to be clerical and administrative work, as identified by Defendant in its objections to Plaintiff's time and work records;

(m) Whether Plaintiff is entitled to recover fees associated with other objections asserted in Defendants' line-by-line objections that are not described above;

(n) Whether costs and expenses associated with expert witnesses should be reimbursed. Plaintiff has filed an Amended Bill of Costs (Dkt. 490) on this subject; Defendant has responded to the Bill of Costs (Dkt. 516) and Plaintiff is set to file its Reply shortly.

(o) Whether costs and expenses for transcripts should be reimbursed and/or are excessive; Plaintiff has filed an Amended Bill of Costs (Dkt. 490) on this subject; Defendant has responded to the Bill of Costs (Dkt. 516) and Plaintiff is set to file its Reply shortly.

(p) Whether costs and expenses for copying and printing should be reimbursed and/or are excessive. Plaintiff has filed an Amended Bill of Costs (Dkt. 490) on this subject; Defendant has responded to the Bill of Costs (Dkt. 516) and Plaintiff is set to file its Reply shortly.

(q) Whether Plaintiff is entitled to recover certain other expenses (including, but not limited to, what Defendant deems excessive, as specifically identified by Defendant. Plaintiff has filed an Amended Bill of Costs (Dkt. 490) on this subject; Defendant has responded to the Bill of Costs (Dkt. 516) and Plaintiff is set to file its Reply shortly.

(r) Whether the invoices Plaintiff has already received from the City are sufficient for purposes of Plaintiff's and this Court's evaluation of Plaintiff's fee petition or whether new invoices, that will also be redacted for attorney work product and attorney-client communications, as permitted by the Local Rule, are required to be provided to Plaintiff. In the alternative, the City can provide un-redacted invoices for the Court's review in-camera.

8. Plaintiff's motion for fees and costs will be based on a judgment which Defendants intend to appeal.

Respectfully submitted,

| | |
|---|---|
| s/ Antonio M. Romanucci | s/ Eileen E. Rosen |
| **Attorney for Plaintiff** | **Attorney for Defendant City of Chicago** |
| | |
| Antonio M. Romanucci | Eileen E. Rosen |
| Stephan D. Blandin | Stacy A. Benjamin |
| Martin D. Gould | James B. Novy |
| Bruno Marasso | Theresa Berousek Carney |
| Debra L. Thomas | **Rock, Fusco & Connelly, LLC** |
| Nicolette Ward | 321 N. Clark St. |
| Bryce T. Hensley | Suite 2200 |
| **Romanucci & Blandin, LLC** | Chicago, IL 60654 |
| 312 North Clark Street Suite 900 | Phone: 312-494-1000 |
| Chicago, Illinois 60654 | Email: erosen@rfclaw.com |
| Phone: 312-458-1000 | |
| Fax: 312-458-1004 | |
| Email: aromanucci@rblaw.net | |

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2018 I provided service to all counsel listed below by electronically filing the parties' **Joint Fee Statement** with the Clerk of Court using the CM/ECF system.

                                                                                              s/ Antonio M. Romanucci